[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT LESLIE RUDNICK
The plaintiff's claim in this action, in essence, is unlawful deprivation of a claimed right to possession of real property and unlawful deprivation of a claimed right to possession of personal property. The defendant Leslie Rudnick moves for summary judgment by motion dated May 21, 1993, concurring with parts of a similar motion made by the defendant Paul Hudon. The complaint alleges participation and encouragement to act by Leslie Rudnick. The matter was partially tried against the defendant Hudon as an action pursuant to General Statutes 47a-45a but that statutory action was dismissed by the superior court because the ward had become deceased. Hence, there was no judgment on the merits. Although the count(s) are captioned "Trespass" the allegations are also sufficiently broad to be interpreted as conceivably setting forth other cause or causes of action. See Practice Book 108; see Brewster v. Fathergill, 30 Conn. Sup. 607, 609. The court CT Page 1349 cannot determine that "there is no genuine issue as to any material fact." P.B. 384.
The motion for summary judgment is denied.
L. Paul Sullivan, J.
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT PAUL HUDON
The plaintiff's claim in this action, in essence, is unlawful deprivation of a claimed right to possession of real property and unlawful deprivation of a claimed right to possession of personal property. The defendant Paul Hudon moves for summary judgment by motion dated December 20, 1993. The matter was partially tried as an action pursuant to General Statutes 47a-45a but that statutory action was dismissed by the superior court because the ward had become deceased. Hence, there was no judgment on the merits. Although the count(s) are captioned "Trespass" the allegations are also sufficiently broad to be interpreted as conceivably setting forth other cause or causes of action. See Practice Book 108; see Brewster v. Fathergill, 30 Conn. Sup. 607, 609. The court cannot determine that "there is no genuine issue as to any material fact." P.S. 384.
The motion for summary judgment is denied.
L. Paul Sullivan, J.